■ HARRY H. LE VEEN, Respondent-Appellant, v LEONARD D. KURTZ et al., Appellants-Respondents.—In an action *inter alia* to recover damages for breach of contract, the parties cross-appeal from an order of the Supreme Court, Queens County, dated February 27, 1975, as follows: (1) defendants appeal from so much of the order as denied them summary judgment with respect to so much of plaintiff's first and second causes of action as relate to earnings and profits allegedly wrongfully withheld by defendants prior to 1966 and (2) plaintiff cross-appeals from so much of the order as granted defendants' motion for summary judgment with respect to (a) the third and fourth causes of action and (b) so much of the first and second causes of action as relate to earnings and profits allegedly wrongfully withheld by defendants prior to 1966. Order affirmed, without costs. While Special Term correctly held that there are questions of fact with respect to the merits of this action, but that the third and fourth causes of action and parts of the first and second causes of action are barred by the applicable Statutes of Limitations, we find that there is also a question of fact as to whether the acts of defendant Kurtz, as early as 1962 and 1963, constituted a repudiation of the partnership, thereby resulting in its dissolution. If that be the case, those parts of the first two causes of action which Special Term held were still viable are also barred by the Statute of Limitations, as Kurtz' failure to credit plaintiff with his full share of the profits of the alleged partnership at the end of each year, as required by the partnership agreement, could not give rise to a continuous cause of action, if, in fact, the partnership had already been dissolved. We note our agreement with Special Term's finding that the doctrine of collateral estoppel, whereby defendants would be estopped from raising the defense of the Statute of Limitations, should not be applied here since there was an unexplained delay of almost four years between the time plaintiff admittedly learned of

the alleged wrongdoing by defendants and the time of the commencement of the instant action. Rabin, Acting P. J., Latham, Cohalan, Margett and Brennan, JJ., concur.